**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ROCKEFELLER PHOTOS, LLC

Plaintiff,

vs.

CASE NO.: 6:26-cv-01272

1 SOURCE INSURANCE AGENCY, INC.,

Defendants.

**DEFENDANT, 1 SOURCE INSURANCE AGENCY, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, 1 SOURCE INSURANCE AGENCY, Inc., ("1 Source") by and through the undersigned counsel, responds to the Complaint as follows:

I. **Responses to Consecutively Numbered Allegations:**

1. Without knowledge and therefore denied.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted that venue lies in this district. Denied otherwise.
6. No allegation appears in the Complaint and therefore no response to it is required.
7. Without knowledge and therefore denied.,
8. Without knowledge and therefore denied.

9. Without knowledge and therefore denied.

10. Without knowledge and therefore denied.

11. Denied.

12. Denied.

13. Denied.

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Denied.

17. Admitted that Defendant is in the insurance business. Denied otherwise.

18. Admitted that Defendant used the website at https://www.1sourceagency.com. which website was managed by others until after the making of the claim of infringement by Plaintiff. Denied otherwise.

19. Denied.

20. Denied.

21. Without knowledge and therefore denied as the website was managed by a third party and that third party has alleged that the image had been purchased from the owner or licensor of the image. Defendant is still investigating this claim. The website has been taken down, and Defendant is implementing a website managed by Defendant alone.

22. Denied.

23. Without knowledge and therefore denied.

24. Without knowledge as to the discovery of the allegedly unauthorized use. Admitted that a notice was received by Defendant but otherwise denied.

25. Denied.

**Count I-Alleged Infringement**

26. Defendant incorporates its responses to the referenced paragraphs.

27. Denied.

28. Denied.

29. Denied. Plaintiff fails to allege a plausible chain of ownership of the image in question back to an author of an original work of authorship possessing the requisite level of creativity, who assigned that work, or an exclusive right under 17 U.S.C. § 106 of it, to Plaintiff or its predecessor.

30. Denied.

31. Denied.

32. Denied.

33. Denied except that the website at the time as managed by a third-party did provide a copyright notice for I Source on the website, without reference to the alleged image in suit, if there is even a valid copyright in that image. It is further denied that the case law citations are factual or that they are even

useful in determining the scope of the copyright notice appearing on the website of 1 Source at the time.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## II. Affirmative Defenses to the Complaint

**First Affirmative Defenses: Failure to Allege a Plausible Claim for Ownership of A Valid Copyright that was Infringed:**

Exhibit B to the Complaint is the Certificate of Registration VA 2-019-412 showing registration of 250 photographs having a date of completion for an author identified as Adlife Marketing & Communications Co., Inc., an employer for hire of Joel Abbrizio, the photographer. That company is identified as the copyright claimant.

Exhibit A to the complaint identifies registration VA 2-019-412 dated September 28, 2016, but the photograph in contention **is not listed or linked** to the Registration certificate. It is not possible to determine from Exhibit A that the photograph of fruit allegedly used by Defendant is indeed within the collection of photographs registered in 2016 by Adlife Marketing & Communications Co., Inc.

Moreover, if one assumes that the photo in question is part of the registered collection, which is not clearly stated in the complaint but at best implied in paragraph 10 of the complaint, the right of Plaintiff to sue for infringement of the claimed work is not plausibly alleged in the complaint. A footnote identifies Prepared Food Photos, Inc, as the renamed successor of Adlife Marketing & Communications Co., Inc. But Prepared Food Photos, Inc., is not Plaintiff Rockefeller Photos, LLC., which is a Delaware company located in Miami. Complaint, ¶1. Prepared Food Photos, Inc., is identified in the complaint only as a customer of Rockefeller Photos, LLC, not as assignor of the registered work. See Complaint at ¶¶ 10-12. Plaintiff Rockefeller also alleges that it has an agency agreement whereby it may copy or display works owned by Prepared Food Photos, Inc., and that it may license such works and display them under 17 U.S.C. §106.

The Complaint does also allege that Plaintiff has the exclusive right to pursue infringement claims for violations of exclusive copyright interests granted to it as the "Agency." Complaint, §13. If this proves to be true, though the right to do so is not shown in the complaint itself, as it should be, then Plaintiff may have the right to sue, but Defendant in that event has the right to require joinder of the alleged customer/owner under 17 U.S.C. § 501 (b).

Under these circumstances, Defendant suggest that the chain of ownership of exclusive rights to sue for infringement of the particular fruit image in suit has not been pleaded and therefore the complaint should be dismissed under Fed. R Civ. P. 12 (b) (6), or alternatively, the Court should require joinder of the alleged customer, Prepared Food Photos, Inc., as a party under 17 US.C. §501 (b).

**Second Affirmative Defense**: **Lack. of Ownership**: Defendant alleges upon information and belief that Plaintiff does not own the exclusive right to sue under 17 U.S.C. §501 for the infringement of the fruit photo in question, which has not been shown to be among the images registered by the copyright claimant.

**Third Affirmative Defense**: **Statute of Limitations**: Upon information and belief, the claim of plaintiff as to the infringement of the fruit photo in question is barred by 17 U.S.C. §507 because the claim had accrued more than three years before suit.

**Fourth Affirmative Defense**: **No instrument of Conveyance**: Upon information and belief there is no instrument of conveyance signed by the owner of the rights conveyed or such owner's authorized agent to convey

ownership of the exclusive rights allegedly owned by Plaintiff or its Customer/assignor, as required by 17 U.S.C. §204 (a).

**Fifth Affirmative Defense**: **Lack of Willful Infringement**: If there was any infringement, the same was committed by the careless acts of an employee of the company managing the website or a contractor thereof, and Defendant the court should find that Defendant is not a willful infringer under 17 U.S.C. §504 (c) (2).

**Sixth Affirmative Defense**: **Lack of Originality and Creativity**: If the image supposedly reproduced on the website of Defendant is even among the collection registered, it lacks sufficient creativity to qualify as an original work of authorship, or alternatively, the portion alleged to have been copied was not so extensive that it rendered the offended and copyrighted work substantially similar.

**Seventh Affirmative Defense: Fair Use**: The photograph in question, if registered, was used by the person who uploaded or otherwise displayed the fruit image on the Defendant's website, to a convey a message related to good health and unrelated to the author's creative expression and constituted a fair use of the cliamed work in the circumstances, under 17 U.S.C. §107.

**Eighth Affirmative Defense: License from a Prior Agent:** Upon information and belief, the image in dispute, if registered, was licensed by the

person managing Defendant's website from a transaction with the previous owner of the image or of the exclusive rights to it, whereby Defendant's conduct does not constitute infringement.

**Ninth Affirmative Defense: First Sale Doctrine**: Upon information and belief, the image in question is a stock fruit image that was purchased as a specific authorized copy by an agent of the website manager or an agent of it, such that the use of the same on the website of Defendant was not an infringement but a lawfully permitted article purchased from the author's agent.

**Tenth Affirmative Defense: Lack of A Party Required for Joinder:** The alleged owner of the copyright registration in suit, Prepared Food Photos, Inc a party subject to service of process and joinder, should be joined in the action under Rule 19 or the complaint should be dismissed under Fed. R. Civ. P. (b)(7).

**Eleventh Affirmative Defense: Copyright Misuse/Bad Faith Assertion:** Upon information and belief, Plaintiff is asserting claims for copyright infringement against unsuspecting nominal users of background food photographs and demanding windfall damages as part of a campaign of monetizing old photographs downloadable on the Internet which are downloaded by back-room website managers and used to display sandwiches

or fruit or other commonplace matters and then suing the unsuspecting customers for massive damages for their use of such stock photos to promote local businesses, having little or no connection to the purpose or value of the copyrighted articles in the real world of commerce. *See, e.g. Rockefeller Photos, LLC v. Bston Pizza, Inc.*, Civil Action No. 25-cv-12299, 2025 WL 3636285 at *4 (D. Mass. Dec. 16, 2025); *Prepared Food Photos, Inc*. v. *Jaber*, 780 F. Supp 3d 779 (E.D. Wis. 2025) (court comments that plaintiff was suing a neighborhood grocery store for $12,000 a year in damages "to utilize a single photo."); *Prepared Food Photos*, Inc *v Burch Farms, Inc*., No. 1:24-00346, 2026 WL 783719 at * 3 (W.D. Penn. March 19, 2026) (agreeing with earlier opinions that claims for inflated damages unrelated to market value as part of suits against local businesses not guilty of willful infringement are inconsistent with "Congress's directive to ensure that damages awarded be 'just'") Under the circumstances, Plaintiff is engaged in an inequitable misuse of copyright to create an unfair windfall over a technical foul out of all proportion to the value of the work or the aims of Congress in providing powerful remedies for protecting copyright.

Wherefore, having fully answered the Complaint, Defendant demands judgment in its favor and against Plaintiff, together with reasonable attorney's

fees under 17 U.S.C. §505, together with costs of the action and such other relief as may be appropriate in the circumstances.

## Jury Trial Demanded

Trial by jury is demanded on all issues so triable.

. RESPECTFULLY submitted on this 13th day of July 2026.

BITMAN O'BRIEN, PLLC

/s/ Stephen D. Milbrath

Stephen D. Milbrath, Esquire
(Fla. Bar No. 239194)
smilbrath@bitman-law.com
ismith@bitman-law.com
610 Crescent Executive Ct., Ste. 112
Lake Mary, FL 32746
Telephone: 407.815.3110
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been furnished to all parties registered to receive service via CM/ECF this 20th day of July, 2026.

BITMAN O'BRIEN, PLLC

/s/ Stephen D. Milbrath

Stephen D. Milbrath, Esquire
(Fla. Bar No. 239194)
smilbrath@bitman-law.com
ismith@bitman-law.com
610 Crescent Executive Ct., Ste. 112
Lake Mary, FL 32746
Telephone: 407.815.3110
*Counsel for Defendants*